IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENDRICK THOMPSON                                                                         PETITIONER

v.                                          Case No. 5:07V00037 SWW-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, Kendrick Thompson, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his state conviction. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

After a bench trial in Pulaski County Circuit Court on August 18, 1998, Petitioner was found guilty of raping a five-year-old girl. He was sentenced as an habitual offender to forty years' imprisonment in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, Petitioner's counsel filed a no-merit brief on direct appeal.

The clerk of the Arkansas Supreme Court furnished Petitioner with a copy of his counsel's brief and notified him of his right to file a *pro se* brief within thirty days. Petitioner did not file a *pro se* brief. On July 7, 1999, the Arkansas Court of Appeals affirmed Petitioner's judgment of conviction. Thompson v. State, 1999 Ark. App. LEXIS 540 (Ark. App. July 7, 1999).

On September 10, 1999, Petitioner filed a post-conviction petition in Pulaski County Circuit Court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. He contended, *inter alia*, that trial counsel was ineffective for failing to make a motion for directed verdict, introduce DNA test results into evidence, and call Sylvia Sample as a witness at trial. On February 27, 2002, the circuit court denied the petition. Petitioner did not perfect an appeal from the denial.

On October 3, 2000, Petitioner filed a petition to correct illegal sentence in Pulaski County Circuit Court. He contended that he should not have been sentenced under "the 2 strikes habitual offender Act" because he "was not on parole during the time of the conviction." The circuit court apparently has not ruled on the petition.

On February 22, 2007, Petitioner filed his habeas corpus petition in this Court.[1] He contends, *inter alia*, that he was denied effective assistance of counsel because trial counsel failed to conduct a meaningful investigation that would have provided evidence to raise reasonable doubt, make a meaningful attempt to gain evidence that would test the

---

[1] A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999). It is unclear when Petitioner delivered his habeas petition to prison authorities for mailing. He executed his petition on February 22, 2007. Under the circumstances, the Magistrate Judge will assume that it was tendered to prison authorities for mailing on February 22, 2007.

State's allegations, bring the issue of the victim's credibility to the attention of the trial court, and object to the trial court's shifting of the burden of proof from the State to the defense. He also contends that counsel was ineffective for failing to raise these issues on direct appeal and for failing to raise the issue of the sufficiency of the evidence on direct appeal.

The Respondent has filed a motion to dismiss Petitioner's habeas corpus petition (docket entry # 4), arguing that the petition is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The Respondent also contends that Petitioner's claims are procedurally barred. For the reasons that follow, the Magistrate Judge finds that Petitioner's claims are procedurally barred. Therefore, it is not necessary to address the Respondent's statute of limitations argument.

In considering a petition for federal habeas corpus relief, a district court usually is precluded from considering any issue that a state court has already resolved on an independent and adequate state law ground. *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2001). This includes cases in which the state court judgment turns on an independent and adequate state procedural ground, such as a determination that a claim is procedurally defaulted. *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995); *Reagan*, 279 F.3d at 656. A district court also is ordinarily precluded from considering any claim that a petitioner has failed to "fairly present" to the highest state court. *Wemark v. State*, 322 F.3d 1018, 1020-1021 (8th Cir. 2003); *Trevino v. Dahm*, 2 F.3d 829, 831 (8th Cir. 1993). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (a petitioner's failure to present his claims to the highest state court results in a procedural default of the claims). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal

theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark*, 322 F.3d at 1021 (citing *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996)). "The federal legal theory or theories must plainly appear on the face of the petitioner's state court briefs." *Jones v. Jerrison*, 20 F.3d 849, 854 (8th Cir. 1994) (holding that petitioner failed to fairly apprise the state court of his federal claim because he did not refer to or rely on federal law in his appellate brief); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court"); *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980) (holding that petitioner failed to present his federal claim to the state courts because his state-court brief did not cite any provision of the Federal Constitution or any federal case); *Morris v. Norris*, 83 F.3d 268, 269 (8th Cir. 1996) ("habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct appeal to preserve federal review"). *See also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").

Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation or actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 744, 750-51 (1991); *Prewitt v.* Goeke, 978 F.2d 1073, 1077

(8th Cir. 1992); *Wemark*, 322 F.3d at 1021-22; *Reagan*, 279 F.3d at 656.  The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  At a minimum, a petitioner must show that something "*external* to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).  For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), would constitute factors external to the defense and cause for a procedural default. *Coleman v. Thompson*, 501 U.S. at 753.  Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. *Coleman v. Thompson*, 501 U.S. at 757; *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997).  A claim of ineffective assistance of counsel must be presented in state court as an independent claim before it may be used to establish cause for a procedural default in a habeas corpus proceeding. *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003); *Frasier v. Maschner*, 304 F.3d 815, 817 (8th Cir. 2002).

A narrow exception to the cause and prejudice standard exists where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496. "To establish the requisite

probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001); *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995).  To be credible, "a substantial claim that constitutional error has caused the conviction of an innocent person" must be supported with "new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial." *Schlup v. Delo*, 513 at 324; *House v. Bell*, _____ U.S. _____, 126 S. Ct. 2064, 2078 (2006); *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).  "Evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (quoting *Amrine*, 238 F.3d at 1029).

Petitioner did not present his ineffective assistance of counsel claims to the Arkansas Supreme Court in an appeal from the denial of Rule 37 relief.  Accordingly, his claims are procedurally defaulted. He has not alleged facts showing cause for his procedural fault or actual prejudice as a result of a constitutional violation.  Petitioner claims that "scientific evidence exists that will provide proof that Petitioner did not penetrate the victim, and would have created reasonable doubt that would have caused a different result."  He alleges that at the time of his trial, there was an expert in Ohio, Dr. Daryl Steiner, who would have testified that "there cannot be penetration of a prepubescent female vagina by even an inch or an inch and a half without hymenal damage." Petitioner states while he does not have direct expert testimony to offer in support of his petition, if

granted leave to conduct discovery he will produce evidence that will show that it is more likely than not that no reasonable juror would have found him guilty in light of the new evidence. He alleges that he is without resources to contact an expert to acquire affidavits and requests leave to conduct discovery and appointment of counsel for the purpose of conducting discovery.

    A habeas petition must support his claim of actual innocence with new reliable evidence. *Weeks*, 119 F.3d at 1351. Petitioner has not submitted evidence showing that it is more likely than not that no reasonable juror would have convicted him in light of the evidence. He simply alleges that scientific evidence exists that will provide proof that he did not penetrate the victim, *i.e.*, expert testimony that "there cannot be penetration of a prepubescent female vagina by even an inch or an inch and a half without hymenal damage." He alleges that he is without sufficient resources to acquire the expert testimony. As Petitioner admits, the expert testimony was available at the time of his trial. In addition, the testimony could have been discovered prior to trial through the exercise of due diligence. Accordingly, the testimony is not new evidence. The Magistrate Judge finds that Petitioner has not met the actual innocence exception and cannot meet the actual innocence exception with the expert testimony in question. The Magistrate Judge recommends that Petitioner's claims be dismissed as procedurally barred. The Magistrate Judge also recommends that Petitioner's request for leave to conduct discovery and for appointment of counsel for the purpose of conducting discovery be denied.

    THEREFORE, the Magistrate Judge recommends that Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. The Magistrate Judge recommends that

Petitioner's request for leave to conduct discovery and for appointment of counsel for the purpose of conducting discovery be denied.

Dated this 10th day of May, 2007.

                                                   /s/ John F. Forster, Jr.
                                    UNITED STATES MAGISTRATE JUDGE